IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                 Case No. 07-10099-01-JTM
                                         Case No. 08-CV-1332

ERIC B. SALSBERRY,
        Defendant.

MEMORANDUM AND ORDER

Petitioner Eric Salsberry was indicted for possession with intent to distribute approximately 155.87 grams of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 841(a). Salsberry pled guilty on August 7, 2007. (Dkt. No. 17). On October 24, 2007, the court sentenced Salsberry to 188 months imprisonment. (Dkt. No. 21). Salsberry subsequently filed the motion (Dkt. No. 22) now before the court, alleging that his appointed defense counsel failed to investigate the charges against him, refused to challenge the recommended investigative searches of the police and the recommended sentence of the United States Probation Service, and "simply told this petitioner that he must enter a guilty plea." (Id. at 5).

In light of Salsberry's allegations, the court entered an Order (Dkt. No. 24) waiving the attorney-client privilege and directing counsel to supply information as to her representation of the defendant-petitioner. Counsel submitted the required statement. (Dkt. No. 25). For the reasons stated

herein, the court finds that the Motion to Vacate should be denied, and that no evidentiary hearing is required.

Salsberry explicitly and formally waived the present challenges. Paragraph 9 of the Plea Agreement provides:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) (*except that the defendant may bring a motion under this statute if the proposed amendment to the "Guidelines" referenced in paragraph 3 does not go into effect until after November 1, 2007 and the Court does not otherwise sentence the defendant as if the proposed amendment to the "Guidelines" were already in effect*) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

(Dkt. No. 17, at 5-6) (emphasis in original). By careful inquiry and examination, the Court determined that Salsberry knew his rights, and knowingly and voluntarily waived them.

Salsberry is bound by the terms of his plea agreement, since that agreement covers the type of challenges he now presents, that waiver contained in that agreement was knowing and voluntary, and no miscarriage of justice exists since there has been no showing of ineffective assistance of counsel in the completion of the waiver. *United States v. Hahn*, 359 F.f3d 1315, 1325 (10th Cir.

2004). Salsberry's challenges to various aspects of counsel's representation do not touch on the formation of the waiver itself, and thus were waived by the plea agreement.

IT IS ACCORDINGLY ORDERED this 20th day of May, 2009, that the defendant-petitioner's Motion to Vacate (Dkt. No. 22) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
